which is 21-10259 Heyman v. Cooper. We have Mr. McClurg here for the appellants, Mr. Girard here for the appellees. Mr. McClurg, am I pronouncing Heyman correctly or is it Heyman? Heyman. Heyman. Very well. Yes, sir. May I proceed? You may. Good afternoon, Judge Branch, Judge Newsom, Judge Brasher, Chris McClurg on behalf of  May it please the Court. While this case is a matter of statutory construction and the parties have done a good job of setting forth their technical legal analysis of the statutory construction, I think it's important to initially give the Court some background, some context to further interpret those statutory interpretation rules or guidelines. So the question is, you know, how did this case get here? How did we get here? This isn't a case where any of the appellants were cited for a violation of the Code. At some point in 2019, they had been given or they had come to understand that there was a change in the statute and that the county was going to begin enforcing this six-day minimum rule or seven-day minimum rule where six days was improper. And so this isn't a case where they were cited and they lost in the district court. They actually filed a declaratory judgment action to determine whether or not this new sentiment or this new statement that was going to be enforced was going to affect them. I think another contextual background or landscape item is the scope of the request. This isn't a case where they are asking for some wholesale right to be read into the statute. I think everybody concedes or agrees that they have a right to rent for seven days or more and this is a question of degree of whether six days or less is whether they're grandfathered in and whether that's a viable right that they have. So this isn't where they're just interpreting something, some rental ability that's not in the statute that they're going to then try to breathe life into the statute. Another concern... I guess in fairness, your adversary would say, sure they are, they're trying to breathe a six-day rental life into the statute that's not there. Correct, Your Honor, but that is sort of a matter of scope. It isn't just sort of whole cloth, just a complete right that does not have some bearing or some authority in the statute. So I do understand that fine cut off between six and seven days. Judge, I also think, Your Honors, I think that it's important to understand that this dwelling unit definition is sort of at the heart of this case, had been part of the UDC for multiple prior UDCs and appellants had not been cited and there's no sort of information or factual information in the district court record that anybody had ever been cited. So you sort of have this lachis idea, which is there's no question that the appellants have been openly and notoriously renting for six days or less because the county had engaged them when there might have been complaints out at the property and sort of mentioned that this might be a problem. They were never cited. And so is all of this factual sort of background sort of a long-winded way of saying like you don't even have to engage in the interpretive enterprise or at least you'll have to like get down to brass tacks and figure out what this prior version of the statute meant? We do, Judge, we do, but I think it's important, you know, my background is accounting and finance and one of the best ways to determine the value of a company is to have an arms-length transaction between somebody who's going to buy and somebody who's going to sell. The same situation sort of analogously applies here. I think one of the best ways to determine what everybody thought, not only my clients, but what the county thought about the dwelling unit and whether six days was a viable or unallowable period is what the conduct of the parties was for a period of a decade. Okay. Well, let's put that aside because I think there's no dispute about that. So let's get to what the dispute's about. And thank you, Judge. So yeah. So what do you conceive the dispute as being about? Is it your responsibility? Here's my first question. Is it your responsibility to prove that there is something in the ordinance that gives your clients a right to rent less than seven days or is it the county's obligation to show that there is something in the ordinance that prohibits your clients from renting less than seven days? Judge, that's a very good question and it's sort of a double, sort of a, there's two issues sort of there. One is, you know, the question is, is whether dwelling unit is a prohibition to rent or whether it's sort of this grant of right to rent for six days or less or any period of time. Does that matter? I mean, I guess that's my point. I mean, if I look in the ordinance and I see nothing that prohibits anybody from renting their property for less than seven days, you win, right? That's an alternative argument, Judge. Well, so then your first position is what we're supposed to do is look in the ordinance and find something that specifically says you can rent for under seven days? Well, I think it's important to understand that it doesn't say that, right? So then that's sort of in a position to say, well, look, it's not prohibited now. Now it sort of shifts to them that somehow that this dwelling unit grant of, or this definition, it's a definition too, it's not a prohibition. And if you look at dwelling unit definition, it doesn't say limited to owner occupancy or rental or lease. It says involving owner occupancy. So there's not even a limitation on that. It's more just a definition. What about, let me ask you about this. So there's the dwelling unit issue. There's also the lodging services issue. So am I correct in understanding the ordinance as it existed at the time to say prohibited activities, lodging services? Yes. Yes. And that's a very good point, Judge. I think what- So am I correct then that if lodging services includes what your clients were doing, renting their houses for less than seven days, then that was prohibited? Yes, but that's not what the statute says. Because if you look at section 16, it talks about home businesses. And in home businesses, that's where it says a home business is prohibited from having lodging services. So there's sort of a two problem, a two-point problem that the county has as it relates to home businesses. First of all, it says that there are two types of home businesses. There's professional home office, which talks about sort of an architect or accountant or somebody that's doing the work in their house. Then there's this home occupation. But both of those, you have to meet, those are the definitions of home businesses, the overarching home businesses. So before lodging service can be a prohibited home business, you have to take a look at what home businesses are. The wholesale renting of your house is not a professional home service, or I'm sorry, a professional home office or a home occupation. If you look at all those following definitions in section 16, it talks about whether it's a recognized profession. The mere rental of a property is not a recognized profession. And then further, when you take a look at lodging services, and this is one of the reasons that the court, well, the appellants had asked the court to allow the previous UDC to have the definition of lodging services in there. It doesn't say lodging that's prohibited. It says lodging services, and when you take a look at the definition of lodging services, it talks about inns, motels, hotels, and boarding houses. Yeah, so this is the definition of lodging services under your, if we, there is no definition, but if we use the old definition, this is the definition, which doesn't seem to help you. It might be, but I want you to explain why it does. Yes, sir. This is the definition. Quote, a facility that offers temporary shelter accommodations are placed for such shelter, open to the public for a fee, including, but not limited to, inns, hotels, motels, and motor hotels, and rooming and boarding houses. End quote. How does renting your house out for one or two nights over Airbnb not fit that definition? Because Judge, when you take a look at lodging services, and the definition, the first part, and this was sort of briefed, it's not open to the public. This isn't where you can just sort of waltz up to the house. No, no, no, that's not what it says. It says open to the public for a fee. Correct, but it still says open to the public, right? Are they only renting to like their neighbors and friends and family? No, but it's, there is no fee. Well, then who are they renting to? To the public. Right. But it's not, I guess there is a distinction between sort of them offering this to be on Airbnb or wherever they're offering it, and having it just sort of be open to the public, which we initially think of inns, hotels, motels, and boarding houses, where you can just sort of, it's literally open to the public, like you can just walk up at any time. Be careful for not walking away from the microphone or you won't get picked up on the audio. Yes, sir. But more importantly, Judge, when you take a look then at the definition of inns, motels, hotels, and boarding houses, they always require something more than lodging. They talk about serving of meals and having a lobby and having these other professionals or these other services, whether it's laundry or whatever. So lodging services in and of itself isn't good enough to say, gee, it's a lodging service because somebody sleeps at the appellant's home. You have to actually go to the definition that has including but not limited to, dig deeper into that and look at those definitions, and they talk about... But though, but I, and I just, I don't, I just don't get, I'm really trying to understand, it says including but not limited to, and you're saying we have to look at the definitions after the not limited to, why isn't it just including these, but it could include other things too, such as any facility that offers temporary shelter accommodations open to the public for a fee? Because when you have including but not limited to, whatever that list is, it still has to be in the same character of items in that list. I think that's, I think that's number 32 in Justice Scalia's book, which says that, you know, it has to be in that same realm. You could call a hostel, but what you can't do is just create some other category that's different from that list when you quote including but not limited to. So I, so I think that stops this issue from suggesting that what they're doing can't just be appended to the end of that list, because if you look at hotel, it says open to the general public and additional services such as restaurants, meeting rooms, entertainment, and recreational facilities. When you take a look at boarding house, boarding house is a dwelling unit or part thereof in which for compensation, lodging and meals are provided. So that list, you have to take a look at that list when it defines lodging services and take a look at what's in there and see what it really sort of means lodging services are. It's not just lodging. It's these services which we, which we traditionally think of as these services. You know, you can have your laundry done. They might answer your phone or send calls up to your room. The appellants aren't even in their homes when this is happening. So it can't be a lodging, these aren't lodging services. And so even if you got past the professional home office or home occupation, which this is not, this is just the rental of a property, then you get into lodging services and you have to take a look at the definitions of the items that are in lodging services. And those are, again, have things in addition to just the rental of the property. Let me, let me ask you a quick question. So Judge Brasher was asking you about what I'll call the pre, pre, pre version of this ordinance that actually had a definition of lodging service. But I guess the one we're looking at, the term is undefined. Yes. And so I guess we're looking at dictionaries. You said earlier you had a definition for lodging services. Where did that come from? I couldn't find one. And so I found a definition for lodging and a definition for services and tried to kind of like marry them up together to figure out what lodging services ordinarily understood might mean. Yes, Judge. And I would, I would argue that typically if there's not something that's defined in a statute that you use the ordinary, you know, meaning of that term. That's why it's important for this court to have received the prior UDCs to take a look at what they believe lodging services were before they took the definition of that out. Yeah. But I mean, that, that cuts both ways. Right? I mean, you might say, well, you should look at the pre, pre, pre version because that shows you what they thought lodging services were. But I mean, they also took it out. So it might mean what they thought lodging services were not anymore. It's because I think they believe that lodging services was bad for them. The definition was bad for them because of the exact argument I just made to Judge Brasher was because it includes inns, motels, hotels, and boarding houses, which means something completely different than just rental of the property. It means services. It means traditional ideas of actually offering services, not just the rental of a structure. But is there some record evidence as to why that definition dropped out? Or is this, in fairness, and I'm not being cute here, just your speculation about why it dropped out? Because they thought it was bad for them. No. No, Judge, but there's no good explanation as to why you had something previously defined. And there's no, there was no other sort of reason that, that, that dropping the definition of lodging services out, I mean, they don't, it's not like there was some other part of it that sort of harmonizes with the dropout of lodging services definition previously. So again, I think this, and again, going back to the home, the professional home office and the home occupation, you have to start there before you even get to whether lodging services is in there. If the, if we do not believe that the rental of a home is a home occupation or a professional home office, then we don't even get to the question of whether or not lodging services is part of that home business identifier. So why don't you let me do this since you're a couple of minutes over. Let me ask Judge Branch if she has questions. No. Okay. Are you content to rest here and get back up on rebuttal and, and rebut what your adversaries had to say? I do want to mention the last antecedent. The court asked us very specifically about the last antecedent, which I think is, is critical. And if you take a look at Lockhart, obviously the court appointed us to Lockhart. I think that's very consistent with our interpretation of what the statute means and says. I guess just in fairness, we pointed you to two different canons, right? You're going to say last antecedent. They're going to say series qualifier. I can guarantee you. Right. But, but when you take a look at that, remember they were, they, they were the ones that sort of wrote this. And when you take a look at owner occupancy or rent or lease, there's a, there's a, there's a quote in Lockhart that, that basically says when you can't, when you can't easily take the modifier and easily apply it to each one, if there's sort of this heft that has to be gone through, then, then it should be last antecedent, should take over. Nobody in this court believes that owner occupancy is limited to seven days or a month or greater. So owner occupancy cannot be modified by a week, a month or longer. Nobody believes that. Let me ask you this. This is a part of this case that I find fascinating. Are we caught sort of on the horns of these two choices? It's either last antecedent or it's series qualifier, or can we just exercise a dose of common sense and say, you're right, owner occupancy, it really doesn't make sense to apply a temporal restriction to owner occupancy. But rentals and leases are both term type engagements. So maybe you apply it not to owner occupancy, but you do, you do apply it to both rental and leases. But, but Judge, that, that's a very, very good question, but I think the way it's written is with the ors and not commas, right, setting that off. But I think another thing too is that one of the pillars of the appellee's whole argument is this idea of synonyms. They quote synonyms that sell and convey are synonyms. Those are not synonyms, right? You can sell something and convey it, but you could also convey something without selling it by a quitclaim deed, right? There are, so this isn't horseshoes or hand grenades. It's not close enough to say, well, that rent is sort of in the same realm as lease. I would agree with you if it said rent, lease or lend, but they are different. Rent is different than lease, right? And I think that's, that's borne out by this idea that not everything is a synonym and it was written the way it was written. And I think there are others. But I guess their argument, right, doesn't necessarily collapse the two into one another. They just say rent, whatever that means, minimum seven days. Lease, whatever that means, minimum seven days. It doesn't make rent and lease mean the same thing. It just takes the same qualifier and applies it to both of them. Right. But our position, Judge, is that rent specifically means something less than seven days, right? Like lease was trying to convey this idea of these longer periods of time. But so, just so I'm clear, your position is rental, a rental by its very nature, like in the essence of things, is necessarily less than seven days? No, but in this context, I think it is, Judge. I think that's why the statute was written the way it was. It's sort of owner-occupied. Or you can rent it in these short periods. Or you can lease it, which is this idea, which I think modifies or describes lease. Lease is described as this longer period of time, sort of weekly, monthly, or longer. So and monthly is sort of the question, like what is monthly doing there? If it's weekly or longer, what is the purpose of sort of monthly, but it's certainly longer than a week, which then gives meaning, contextual meaning, to the word rent, right? It's something less than a week. And so they're not just sort of synonymous, like they're just the same thing, and we need to apply this last, this modifier to both of them. Like you wanted, like you suggested, Judge, where you sort of break off owner-occupancy and apply it here. I think the whole purpose of having the or's there was to give rent a different meaning and to give lease this longer-term meaning as well. Okay, good deal.  You'll have your full-time honor. Thank you, Judge. Mr. Girard? Thank you, Your Honor. Forgive me. Ken Girard here on behalf of the Forsyth County Defendants. It's a pleasure to be in front of you today. Your Honor, I first want to say that you're sort of the question with respect to can't we just sort of apply the common sense rules, sort of mirrors to me Justice Alito when he is drafting his concurrence in the Facebook case, and it's my respectful position that if we're going to get into statutory interpretation today, we've got to look at Lockhart. We've got to look at Facebook. We've got to look at the Scalia texts and a couple of other authorities I'd like to direct your attention to. If I may, though, just to briefly address some of the issues that my honorable colleague raised. First of all, if it is a standard interpretational exercise that when a legislative entity takes away language from a code that is supposed to mean something, I think the notion that there was a definition of lodging service in the code for a while and now it has been excised, if we want to know what that means, what we can know is it meant something. And in that respect, then, the typical definition of the dictionary of what a lodging service means is what is prohibited in residential districts in Forsyth County. We are in the age of the Uber-ization, not of cars, but of homes. And so my vehicle, sure enough, when I'm working for Uber, may be a private vehicle, but when I hold myself out on a portal or an app and say I am open to the public for hire, and then me on my app take you up on that offer and you pick me up, my vehicle has now changed its character into becoming a vehicle for hire now while you're in it. The same exact thing happens when I make a decision that I'm in a residentially zoned piece of property in Forsyth County and I'm going to put my property on a publicly accessible web page or app, I'm going to hold my property out as being for hire, there's going to be a check-in time and a check-out time, and for those, the duration for which I am doing that and allowing my property to be used in that aspect, I'm a lodging service. And therefore, that is prohibited in residential districts in Forsyth County. And that's what Judge Story, the district judge, found. Judge Story said, look, right now, or forgive me, before the 2019 modification to the code, a residential unit could be rented for a period of a week or longer. And that was okay. But if you do it less than that, you have converted your property into a lodging service and that is prohibited and has always been prohibited. And if you read the plaintiff's complaint, they plead very specifically that they were renting for periods of less than seven days and more than seven days immediately prior to our ordinance in 2019 becoming effective. And as such, it is not our position that everyone is grandfathered and you're even grandfathered if you were renting more than seven days. But that's not an issue you have to decide here because what's at issue in this case is simply whether the district judge got it right in his interpretation of dwelling unit under our code. And I believe the court did. And I'm prepared to walk through these standards of statutory interpretation. So before you get into that, so I am just really struggling with understanding how the definition of dwelling unit matters. I understand how the definition of lodging service matters because it says you're not allowed to run a lodging service. I get that. But how does the definition of dwelling unit matter? Dwelling unit, and of course, I want to thank the court. And I read your supplemental brief, but I want to... Well, that's where I'm going because that is our argument. All right. Is that single family detached dwelling is in every species, every species of residential structure in the Fort South County Unified Development Code is a species also of dwelling unit, whether it's a single family. I got that from your supplemental brief and I get that. That makes sense. What doesn't make sense is that the, I think it's Section 11 or Chapter 11 rather, it says these are the things allowed in a residential area. And one of the things that's allowed is a single family, single family house, single family dwelling, whatever. It doesn't use the word dwelling unit. So I don't, I don't get, let me just give you a hypothetical to understand my point. If I had a park and I said, this is a dog park, it's just a park for dogs. And someone wanted to bring a cat to my dog park. Could they argue, well, because a dog is an animal and a cat is an animal, that means that the definition we need to look to is the definition of animal. Is it the definition of dog? Right? A single family house is a dwelling unit, but shouldn't we be looking to the definition of single family house instead of dwelling unit? Well, first of all, I would, I would not put much into that example you're using. In other words, I would not, that would not make logical sense to me that a cat and a dog are the same thing. So I will concede that point. Okay. But I think that you have to read the Foresouth County Unified Development Code as a consolidated code. It is a, it is a body of work all intended to go together. The definition of dwelling unit and the definition of density and the performance tables of what is allowed in each zoning designation all have to be read together and harmonized together. And all of them are based on that notion of dwelling unit serving as the linchpin for density. In the county, if you remove dwelling unit, if you untether the concept of dwelling unit from single family detached, you will have upended Foresouth County's entire scheme for controlling growth. Okay. Every bit of it. And let me just see if I get this right. Right. So even though the residential area when it says these are allowed, one of them is single family, there's some other part of the code that says, you know, five dwelling units allowed per acre or something like that? That's right. Okay. If that's right, then if we define dwelling unit to exclude buildings that are rented for seven days or less, can I build a 40-story apartment complex on one acre in Forsyth County and say, you know what? This isn't a dwelling unit because I'm renting these for seven days or less. So I can do all I want to. That's not what I got from the court's question. Well, this is a new question. Okay. Based on your answer to the question. So I think the answer is no because every apartment, every structure that can handle multiple family units, has multiple units. I mean, again, that's the metric is an independent family establishment. I mean, I think you understand my question. You want to define dwelling unit to where the word dwelling unit does not cover a building that is rented out for seven days or less, right? That's your definition of dwelling unit. If the building is rented or leased for less than seven days, it's not a dwelling unit. It is still a dwelling unit. It's just impermissible. It's illegal if you attempt to do it for less than seven days. I thought your argument was that when it says rent or lease, that in the phrase dwelling unit, that that becomes not a dwelling unit anymore. I see your point. Okay. So the court is taking the position or you're asking me, do I believe that converts it to a lodging service? No, no, no. I'm just saying. So what we're talking about, I mean, maybe I'm completely off. We're talking about the definition of dwelling unit, right? It's the definition of dwelling unit. Your argument, I believe, is that the way that definition works is when it says a group of rooms connected to a dining area, I'm just paraphrasing, for the purpose of owner occupancy or rent or lease for one week, monthly or longer. Correct. That for lease, one week, monthly or longer applies to the for rent too, right? Yes. Right. So your definition of dwelling unit then would exclude a group of rooms with a kitchen for for rent or lease for less than seven days, right? I think where I'm struggling to meet the court on the terms it wants to meet is I am simply considering that that doesn't change the character of the physical structure that is on the property. It just renders what is occurring on the property illegal. And how does it do that? Because you would have rented or leased your property for a time period that is not allowed. Anything less than weekly. Well, that's not logical. You're saying that it's permitted. You're saying it's prohibited. I'm trying to figure out where in the statute does it say prohibited? I thought it was your theory that dwelling unit, I just don't understand. I mean, I really don't. Explain to me where in the statute do I look and see something that prohibits something? All right. So let's talk about dwelling unit and let's use at least some of these canons as a mechanism to at least define the issue. Under the canons, and I think if you look at LawCard, if you look at Facebook, when they're doing this sort of a statutory interpretation, first of all, they want to see what's called a clause. They want to see the series of nouns or verbs that you're struggling with. Okay. My question is, I mean, honestly, I tend to agree with your definition of dwelling unit. I don't understand where that matters. I really don't. The definition of dwelling unit neither prohibits nor allows anything. It's a definition. It's in the definition section of the code. Right? Is there some operative provision of the code that either permits or prohibits something called a dwelling unit? Well, the notion of all of our density is predicated upon dwelling units, and that would require a review of all of Chapter 11, which is the chapter that contains our residential restrictions. But all of it is based on dwelling units, and there is no prohibition on the limitation in dwelling unit as serving a regulatory limitation with respect to all species of dwelling residential types in the county. So Judge Brasher, to your point, if you're looking for, if there's any place else other than the definition of dwelling unit where it limits the time frame by which you can rent, that's it in the definition of dwelling unit. And that is pervasive throughout the code as far as the use of dwelling units, and respectfully, it has not been raised by the plaintiff. Oh, yeah. No, I get it. I get it. I get that. Absolutely. And the reason why I'm trying to figure this out is because, for me, it's helpful to understand how a statutory term is actually used and to look at how it's used. And I just can't figure that out in this ordinance that it appears to be completely irrelevant to the party's dispute. So let me offer up an excerpt, again, this is from our brief, but just as a helpful reminder of the letter brief that we drafted when we get into the performance tables. The performance tables are also where the rubber hits the road between concepts and actual numerosity, numbers, square footage, how large a lot has to be, how many units can be per acre on a particular piece of property. And all of them speak in terms of units to include those zoning designations where the only thing you can build in the zoning designation is a single family detached residential structure, which is the typical sticks and bricks home that you're used to. That too is characterized as a unit. And so every aspect of our residential apparatus, our regulatory apparatus in Forsyth County is predicated upon this notion of dwelling units. It's infused throughout. And again, all I can do is entreat to you that if you strip away, if this court strips away dwelling units not governing both in use and numerosity, single family residential, you will have fundamentally upended the entire regulatory structure in Forsyth County of how we regulate zoning, how we regulate land. Well, how you used to in like 2017, because it's an old ordinance. Well, other than modifying to include these express prohibitions on short-term rentals, nothing else has changed. And of course, that's the point of this, right? I mean, this lawsuit started as a facial challenge on the short-term rental code. And I would respectfully submit to you, as is so often the case litigation has sort of a winnowing effect on the issues of the parties, that's not what we're here about anymore. Now, the only thing we're here about really is whether or not the plaintiffs, as represented by the individual, as represented by the associational interests, are quote-unquote grandfathered or, I guess more technically, have a legal non-conforming right to continue doing something. And we're here today to suggest to you that Judge Story got it right, that there was never an opportunity in Forsyth County to rent for less than seven days, not only because of the prohibition on dwelling units, but also because of the prohibition on lodging services. Well, let me ask you a quick question. If we can get past the dwelling unit issue, and now we're sort of internal to that definition, and we've got this competition of canons, and he says, lastly, antecedent, you say, or are likely to say series qualifier, what about his point that it is a pretty heavy lift to apply a durational requirement to owner occupancy? That just doesn't seem to make sense to me. Well, it depends what your clause is. And so that's important as well, and I wish we had more time, because the reality is if the clause is owner occupancy or rental or lease, then what I would argue is if that's the clause we're going to look at, then I would say the last antecedent clause is what you should use. Because what I would do would be collapse rental or lease together, and it'd be owner occupancy or rental lease for weekly, monthly, or longer. Well, yeah, I sort of like that. I mean, I've already sort of confessed my affinity for that, that you sort of break off owner occupancy and you apply the seven-day durational requirement to leases and rentals, both of which are by their nature temporary. But I guess as I read Lockhart, I'm not really sure that the Supreme Court has sort of like left that open to us. Doesn't the Supreme Court seem to say either it applies to the last thing in the list or it applies to everything in the list? That's right, and I tend to agree with that. I believe the better interpretation, though, is to look at the clause as being rental or lease on a weekly, monthly, or longer basis. So on what basis do you, since we're just separating three things with two ors, do you break off the latter two as a clause and the former one as its own clause? Based upon something that Your Honor alluded to when you were giving some of your prefatory remarks, which is these canons are great, and again, Justice Alito in the Facebook concurrence says they are great, but they're just tools. They're not ends, and they're certainly not to be applied robotically. At the end of the day, what you'll see when you read all of the case law on these canons, and I say this with the utmost respect, is that sometimes it appears that the court comes to the reasonable outcome it wants to come to, and then sort of backs the canon into the outcome, which delivers the most sense, and so, well, I'm simply suggesting that's what Justice Alito suggested as well. Here's a thought, and I think, which I, just a thought, so, and it goes to something that I think you raised earlier. These are not commas between these words. They're ors, and so isn't it quite possible that owner occupancy or rent or lease, that rent or lease is its own phrase, right? It's not owner occupancy comma rent comma or lease, such that the series qualifier might, you might say, well, we're put in this position, we have to either apply it to everything or just the last one. Here we could say, look, owner occupancy is its own phrase, rent or lease is its own phrase, and so the series qualifier applies to rent or lease and not to owner occupancy. Well, Justice Brasher, that was the way I was approaching this argument from the get-go, never really factoring owner occupancy in, simply, candidly, from just a reasonableness approach. No one thinks of owner occupancy on a weekly or longer basis. The only possible modifiers that could come into play would be the rental or lease. I do believe they're synonyms. I'm just going to go ahead and tell you my position. I believe they're synonyms, and I believe if you look at Georgia statutory law, they're treated as synonyms, and I believe if you read Justice Sotomayor in the Lockhart case who also wrote the Facebook opinion, one of the things that is emphasized there is the clauses, to make them a clause, are terms that should ordinarily go together. She uses the phrase, I believe, treaties, laws, and constitution of the United States as an example of a clause that makes sense. Justice Scalia in his treatise says the same thing. In fact, with just my time remaining, which I don't have any, but I appreciate the court's indulgence, that to the extent that the series modifier canon was the right canon, I tried to pull out all the concepts that should guide the court in how to know what the clause is, and here's what I got. Justice Scalia says the clause should be straightforward. Lockhart says a simple concept, simple and parallel, simple and integrated. The Facebook case says concise and integrated. You get the idea, the notion, if there's going to be a serial modifier canon applied, the clause for which the modifier modifies the clause should be something simple, something people are used to seeing those terms together. I would respectfully submit to the court that lease or rental are synonyms. They are a doublet. They are. This court asks us to be prepared on that issue, and I am. I know I'm out of time, but it is a doublet, and they should be seen, both of them, as modified by the weekly or monthly language. Okay, very well. Judge Branch, do you have questions? I do not. Okay, very well. Thank you so much.  I'm going to prompt you as you're getting ready. I've confessed an affinity for treating rental and lease as its own unit. Judge Brasher has sort of confessed an affinity for treating rental and lease as its own unit. Why not? Just because something is similar doesn't mean they're synonymous, right? Well, but do they need to be synonymous, or does it need to just be something that, as I said earlier, sort of exercising a dose of common sense? They are both temporally bound things in a way that owner occupancy is not. They are, Judge, but when you have owner occupancy, like if it was just rent or lease, if that was all we were talking about, I might say, well, gee, you sort of got me there, right? Like it's, yeah, I get that, but the way the statute reads is it talks about owner occupancy, which is one thing, and you sort of bifurcated that over here. Then you have two more, rent or lease, that although similar, aren't identical, and I don't think you can, are not synonymous. So I think the phraseology, by having owner occupancy in there, sort of suggests that rent does have its own independent meaning, right? I think the court is wanting to sort of collapse rent and lease because they're sort of of the same ilk, but owner occupancy says, okay, there's one, and then there's rent, and then there's lease. I don't think it's, I don't think you can, they're not part of a list, right? Rent and lease are not part of a list. They're two different ideas, right? So it's owner occupancy is one idea, rent is one idea, and lease is one idea. So I don't think you, because it is temporal, it is on this timing, it is weekly, monthly, or longer. So in lease, in our brief, we obviously posit that rent can be commonly thought of as a time. So that gives it independent meaning where it should not be modified by weekly, monthly, or longer. Well, let me ask you this. What about, this is just a hypothetical that I sort of cooked up. What about if someone said, I'm looking for a freestanding house, condo, or apartment in Lower Manhattan? Are we talking, does the Lower Manhattan point, does the Lower Manhattan qualifier apply to I mean, I don't know, you may know Lower Manhattan better than I do, but I doubt it. There aren't many, if any, but there are condos and apartments. So it makes total sense to take condos and apartments in, like, relative to the qualifier and say like, yeah, yeah, yeah, those go together with the qualifier, but the first one just doesn't. I think that's the urge, Judge, but I think you have to sort of take a look, you know, sort of the broader context of that because, I mean, that could be one way to read that to say, well, house is one thing, and condo and apartment are sort of similar, but in the context, right, especially in this case, because there is this idea of the difference in timing between rent and lease and sort of what the general feeling is about how long that is. Here, I think even Lockhart says if there's a reason to sort of apply it to the last antecedent, like if the other ones, if you can't apply it to these others very sort of easily, then the last antecedent ought to be that. So I think we're not giving enough sort of credence to the idea of rent is specifically something specifically not weekly or longer, or the whole idea of the statute was to give rent its own independent shorter term meaning, not allowing it to be modified by week or month or longer. So that's sort of how I reconcile or present that. I mean, I think initially it's owner occupancy, rent, or lease, and it's last antecedent, but if you put those two together, I still think you need to understand or sort of, in this case, because of the wording that modifies that and this idea that rent is shorter than lease, that it has to have its own standing and its own meaning, and it's part of the or, and it was meant to be set off and not be modified by those terms and only the last antecedent to be modified. Okay. Very well. Judge Branch, do you have any questions? No. Okay. Marathon session. Thanks, everybody, for your patience, endurance, good arguments all the way around. Thank you so much. That case is submitted and will be